UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMERO TERRILE MOSES, #231885,

       Plaintiff,

v.                         CASE NO. 2:08-CV-12161
                            HONORABLE ANNA DIGGS TAYLOR
                            MAGISTRATE JUDGE MICHAEL J. HLUCHANIUK

PATRICIA CARUSO, et al.,

       Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL
## AND DIRECTING PLAINTIFF TO PROVIDE SERVICE COPIES

I.      Introduction

     Jamero Moses ("Plaintiff"), a state prisoner currently confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed without prepayment of fees and costs for the civil rights action pursuant to 28 U.S.C. § 1915(a). The Court has granted his application to proceed without prepayment of fees and costs. In his complaint, Plaintiff alleges that prison officials have failed to place him in a proper non-smoking housing unit in accordance with his request to be free from second-hand tobacco smoke in violation of his constitutional rights. He names Michigan Department of Corrections Director Patricia Caruso, Assistant Director Dennis Straub, Warden Lloyd Rapelje, Deputy Warden Winn, Assistant Deputy Warden Susan Kohloff, and Assistant Resident Unit Manager A. Hoffman as defendants in this action and sues them in their individual and official capacities. Plaintiff seeks injunctive and declaratory remedies, monetary

1

damages, and other appropriate relief.

II.   Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that Plaintiff's claims against certain defendants are subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Plaintiff's claims against defendants Patricia Caruso and Dennis Straub must be dismissed because Plaintiff has failed to allege facts demonstrating their personal involvement in

the events giving rise to his complaint. It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior*); *Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so with respect to defendants Caruso and Straub. The mere fact that those defendants had supervisory authority over the other defendants is insufficient to state a claim for relief under § 1983. His claims against defendants Caruso and Straub must therefore be dismissed.

Having reviewed the complaint and given the liberal pleading standard for *pro se* actions, the Court finds that Plaintiff's claims against the remaining defendants are not subject to dismissal at this time. *See Helling v. McKinney*, 509 U.S. 25, 35 (1993) (a prisoner can a state cause of action under the Eighth Amendment by alleging that prison officials have, with deliberate indifference, exposed him to levels of environmental tobacco smoke that pose an unreasonable risk of serious damage to his future).

III.    Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted against defendants Patricia Caruso and Dennis Straub. Accordingly, **IT IS ORDERED** that Plaintiff's claims against those defendants are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court further concludes that Plaintiff's claims against the remaining defendants are

3

not subject to summary dismissal. Plaintiff, however, has not submitted sufficient copies for service upon those defendants. Accordingly, **IT IS ORDERED** that Plaintiff submit **four (4)** additional copies of the complaint to the Court within **30 DAYS** of the filing date of this order so that service may be effectuated. The Court shall provide Plaintiff with one copy of the complaint to assist in this endeavor. This copy should be returned to the Court with the additional copies. Failure to comply with this order may result in dismissal of this action.

    **IT IS SO ORDERED.**


DATED: June 30, 2008                                                     **s/Anna Diggs Taylor**
                                                                                 ANNA DIGGS TAYLOR
                                                                                 UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

        The undersigned certifies that a copy of the foregoing Order was served upon Petitioner by First Class U.S. mail on June 30, 2008.

Jamero Moses, #231885
Saginaw Correctional Facility
9625 Pierce Road
Freeland, MI 48623                                                s/Johnetta M. Curry-Williams
                                                                                 Case Manager