UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMERO TERRILE MOSES,

                    Plaintiff,

vs.

LLOYD RAPELJE, *et al*.,

                    Defendants.

_____/

Case No. 08-12161

Anna Diggs Taylor
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**REPORT AND RECOMMENDATION**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 16)**
**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (Dkt. 22)**

## I.    PROCEDURAL HISTORY

Plaintiff, an inmate currently at the Saginaw Correctional Facility brings

this action under 42 U.S.C. § 1983, claiming violations of his rights under the

United States Constitution. (Dkt. 1). Plaintiff alleges that defendants were

deliberately indifferent to his health and medical needs by failing to provide him

with a smoke-free environment. *Id*. On August 15, 2008, this case was referred to

the undersigned for all pretrial purposes by District Judge Anna Diggs Taylor.

(Dkt. 9).

On September 15, 2008, defendants filed a motion to for summary judgment

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

seeking dismissal of plaintiff's complaint.  (Dkt. 16).  Plaintiff filed a response on

October 16, 2008.  (Dkt. 27).  Defendants filed a reply on October 14, 2008.  (Dkt.

28).  Plaintiff moved for and was granted permission to file a supplemental brief

on December 1, 2008.  (Dkt. 29, 31).  Defendants filed a response to plaintiff's

supplement on December 22, 2008.  (Dkt. 32).  On September 22, 2008, plaintiff

filed a motion for preliminary injunctive relief.  (Dkt. 22).  Defendants filed a

response on October 3, 2008.  (Dkt. 26).

For the reasons set forth below, the undersigned suggests that the Court

**GRANT** defendants' motion for summary judgment and **DENY** plaintiff's motion

for preliminary injunction as **MOOT**.

## II.   STATEMENT OF FACTS

A.   <u>Background</u>

Plaintiff claims that prison officials have failed to place him in a

nonsmoking housing unit in accordance with his request to be free from

second-hand tobacco smoke in violation of his constitutional rights.  Plaintiff is

confined at the Saginaw Correctional Facility (SRF) in Freeland, Michigan.  The

following MDOC employees named in the complaint remain after an earlier order

of dismissal was entered by Judge Taylor in this case:  Lloyd Rapelje, SRF

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

Warden; O. Thomas Winn, Deputy Warden; Susan Kohloff, Assistant Deputy

Warden; and Ann Hoffman, Assistant Resident Unit Manager.  Plaintiff has sued

these defendants in their official and individual capacities, and seeks declaratory

and injunctive relief, along with punitive and compensatory damages.

In his complaint, plaintiff alleges that, due to his concerns regarding the

breathing of secondhand smoke, he requested to be placed in a nonsmoking

environment while incarcerated at SRF on November 25, 2007.  (Dkt. 1, ¶¶ 15-16;

Dkt. 16, Ex. G (Affidavit of Ann Hoffman, ¶ 4)).  He was moved on December 6,

2007 to a wing where 40 of the 60 cells were designated as nonsmoking.  (Dkt. 1,

¶ 15; Dkt. 16, Ex. B (Grievance SRF 2007-12-2801-03c)).  Because not all of the

cells in the wing were designated no-smoking, plaintiff filed a grievance on

December 4, 2007, alleging that SRF staff disregarded his request to be placed in a

smoke free environment.  (Dkt. 1, ¶¶ 16-17; Grievance SRF 2007-1-2801-03C)).

Plaintiff alleges that he was interviewed by Ann Hoffman on December 11, 2007,

regarding the grievance, and that she made threats of retaliation against him if he

refused to sign the Step I grievance.  (Dkt. 1, ¶ 18).  Defendants point out that no

grievance was ever filed for this alleged retaliatory threat, and that plaintiff does

not describe what the threat was.  (Dkt. 22).  In addition to his Eighth Amendment

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

3

claim, plaintiff claims that his First and Fourteenth Amendment rights were violated when defendants allegedly failed to comply with his request to be placed in a nonsmoking environment.  (Dkt. 1, ¶ 25).

      B.     <u>Defendants' Motion for Summary Judgment</u>

Defendant Winn argues that he is entitled to summary judgment because he was not assigned to SRF during the period encompassing the alleged misconduct. (Dkt. 16).  Plaintiff alleges that on December 4, 2007, he filed a grievance regarding defendant Hoffman's failure to place him in a nonsmoking environment on his request.  However, Deputy Warden Winn was not assigned to SRF until February 10, 2008, more than two months after plaintiff filed the grievance.  (Dkt. 16, Ex. A (Affidavit of O. Thomas Winn, ¶¶ 1, 3i)).  Further, plaintiff's grievance never mentions defendant Winn at all.  (Dkt. 16, Ex. B (Grievance SRF 2007-12-2801-03c)).  Defendant Winn argues that he could not have been personally involved in any alleged constitutional violations that are the basis of this lawsuit and summary judgment in his favor is, therefore, appropriate.

Defendants Rapelje, Winn, and Kohloff argue that they too are entitled to summary judgment because the day-to-day job responsibilities of their positions did not include initiating moves of prisoners.  Rather, that responsibility was

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

handled by the Assistant Resident Unit Supervisor (ARUS) and the Resident Unit Manager (RUM).  Furthermore, defendants state that plaintiff was moved within 11 days of his request.  (Dkt. 16, Ex. C (Affidavit of Lloyd Rapelje, ¶ 1); Ex. A (Affidavit of O. Thomas Winn, ¶ 1); Ex. D (Affidavit of Susan Kohloff, ¶ 1); Ex. D (Affidavit of Susan Kohloff, ¶ 4); Ex. G (Affidavit of Ann Hoffman, ¶¶ 3-7); Ex. B (Grievance SRF-2007-12-2801-03c (stating in Step I response that plaintiff signed CAH-100 Tobacco Free Housing Agreement form on 11/25/07 and was moved to nonsmoking wing on 12/06/07 after a move was feasible); Ex. E (CAH-100 Tobacco Free Housing Agreement form, dated 11/25/2007)).  Thus, according to defendants, even if this Court finds that there is respondeat superior liability any time a prisoner requests a nonsmoking cell and does not receive it, this plaintiff was transferred to nonsmoking less than two weeks after he requested a transfer, and therefore, according to defendants, plaintiff's complaint is moot. (Dkt. 16).

Defendants also argue that there is no genuine issue of material fact regarding plaintiff's Eighth Amendment claim.  (Dkt. 16).  Defendants point out that, with respect to ETS actions, there are two distinct types of Eighth Amendment claims.  In a "present-injury" claim, a plaintiff must establish a

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

medical need for a smoke-free environment and show that he suffered serious smoke-related medical problems as a result of not being placed in a smoke-free environment.  (Dkt. 16, citing, *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992); *Weaver v. Clarke*, 45 F.3d 1253, 1255-56 (8th Cir. 1995) (distinguishing between future-injury and present-injury claims)).  In a "future-injury" claim, a plaintiff must show, regardless of his present health, that the level of ETS in the prison creates an unreasonable risk of damage to future health.  (Dkt. 16, citing, *Helling v. McKinney*, 509 U.S. 25 (1993)).

Defendants argue that plaintiff has failed to offer any evidence of a serious medical need, failing to meet the objective component of an ETS present injury claim.  At most, plaintiff alleges that some inmates smoked in the wing he lived in, subjecting him to second hand smoke, "which was causing [him] some breathing problems."  Defendants argue that plaintiff's claim is based solely on the premise that he is a non-smoker "concerned" with second hand smoke, and that this by itself rises to the level of a constitutional violation.  Defendants argue, however, that it is well-established that "mere exposure to [ETS], without more, does not constitute a deprivation of a prisoner's Eighth Amendment rights."  (Dkt. 16, citing, *Hunt*, 974 F.2d at 735)).

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

Defendants also argue that plaintiff cannot satisfy the subjective component of a present injury claim.  Within the context of Eighth Amendment ETS claims, the adoption of a nonsmoking policy by prison officials "will bear heavily [in their favor] on the inquiry into deliberate indifference."  (Dkt. 22, citing, *Helling*, 509 U.S. at 36).  In this vein, defendants also argue that imperfect enforcement of a nonsmoking policy by prison officials does not rise to deliberate indifference. (Dkt. 22, citing, *Green v. Martin*, 18 Fed.Appx. 298, 300 (6th Cir. 2001)).

Defendants assert that they have demonstrated, and plaintiff admits in his complaint, that there was a nonsmoking policy in effect at SRF, and that plaintiff was moved soon after requesting a transfer to a nonsmoking cell.  (Dkt. 16, Ex. F (Affidavit of Patricia Caruso); Ex. B (Grievance SRF 2007-12-2801-03c) (stating that plaintiff was moved to nonsmoking wing on 12/6/2007)).  According to defendants, plaintiff was moved even though he did not provide documentation that he had a serious medical need requiring him to be housed in a smoke free environment.  Defendants admit that, given its policy of only retaining minor misconduct records for 60 days, the records of smoking misconducts written in 2007 have not been retained.  But, defendants assert that the no-smoking policy is vigorously enforced by writing misconduct tickets to inmates who violate the

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

policy.  (Dkt. 16, Ex. G (Affidavit of Ann Hoffman (stating that, per policy, records of minor misconduct tickets are only kept for 60 days; 30 misconduct tickets written from June 2, 2008 to August 20, 2008)).  According to defendants, the no-smoking policy coupled with the SRF's continuing aggressive and ongoing enforcement of it establishes that no genuine issue of material fact exists with respect to plaintiff's "present injury" ETS claims.

Next, defendants argue that plaintiff also fails to offer sufficient evidence in support of the objective prong of a future-injury claim.  "With respect to the objective factor, [a plaintiff] must show that he himself is being exposed to unreasonably high levels of ETS." *Helling*, 509 U.S. at 35.  According to defendants, the objective factor requires more than just a "scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure," but also requires a showing that "society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." (Dkt. 16, quoting, *Helling*, 509 U.S. at 36).

Defendants argue that plaintiff has failed to come forward with sufficient evidence that the levels of ETS at SRF are so high as to violate contemporary

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

8

standards of decency.  Defendant admits that, while it is possible at times to smell cigarette smoke coming from an individual prisoner who chose to break the no-smoking rule, there is simply no evidence that there are unreasonably high levels of ETS in any of the housing units at SRF.  (Dkt. 16).

C.    Plaintiff's Response

Plaintiff concedes that he has no First or Fourteenth Amendment claims and that defendants are entitled to summary judgment on these portions of the complaint.  (Dkt. 27, p. 8).  Plaintiff argues that even though defendant Winn did not start working at the Saginaw Correctional Facility until February 2008, he was "well aware of the problem" based on the complaints filed by other prisoners. (Dkt. 27, Exhibits, p. 24 (grievance response signed by defendant Rapelje)). Plaintiff also argues that defendant Rapelje was "aware of the problem" based on his grievance response.  *Id*.  With respect to defendant Kohloff, plaintiff asserts that "while [she] had no knowledge of plaintiff per-se, she was aware of the problem as a whole in the unit and failed to see the matter through, or utilize the many available options that were at her disposal to correct this problem..."  (Dkt. 37, p. 11).

Plaintiff also argues that he has established both a present and future injury

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

claim under the Eighth Amendment.  Plaintiff points to the scientific evidence

regarding ETS found in *McKinney v. Anderson*, 924 F.2d 1500 (9th Cir. 1991) and

"incorporates that study into this argument." (Dkt. 27, p. 16).  Plaintiff relies on

various studies regarding the dangers of smoking to support his claim. (Dkt. 27, p.

17).  According to plaintiff, under conditions of heavy smoking and poor

ventilation, the concentration of carbon monoxide levels in the air may exceed the

maximum level for exposure in an eight-hour workday and it was only recently

that defendant Winn issued a memo stopping tobacco-free housed inmates from

purchasing tobacco items. (Dkt. 27, pp. 17-18; Ex. F).  Thus, according to

plaintiff, he is exposed to ETS at elevated levels in this unventilated housing unit.

(Dkt. 27, p. 17).

Plaintiff argues that the finding that ETS endangers human health is

sufficient to show an Eighth Amendment violation. (Dkt. 27, p. 19).  Plaintiff also

argues that societal standards have evolved to the point that involuntary ETS

exposure violates the current standard of decency, as evidenced by the Governor's

recent order terminating smoking in all correctional facilities. (Dkt. 27, p. 20).

D.    Defendants' Reply

Defendants argue that plaintiff still fails to provide any evidence that he has

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

a serious medical need for a tobacco-free environment, and instead seems content to rely on his anecdotal evidence that he thinks the level of ETS is too high.  In addition, plaintiff relies on general scientific evidence that ETS is harmful, but, according to defendants, that alone does not establish that the ETS levels at SRF are unreasonably high.  Defendants assert that *Helling* does not hold that mere exposure to ETS is sufficient to establish an Eighth Amendment claim.  Rather, *Helling* imposes on a plaintiff the burden of establishing both a subjective and objective component to demonstrate an ETS claim, which "requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to ETS." (Dkt. 28, quoting, *Helling, supra*).  *Helling* also makes it clear that a plaintiff "must show that he himself is being exposed to unreasonably high levels of ETS." *Id*.  Defendants argue, therefore, that without actually providing evidence that the levels of ETS at SRF are too high, plaintiff has not met his burden under *Helling* of presenting a triable issue of fact for the jury, and his claims should not survive summary judgment.  (Dkt. 28).

    E.    Plaintiff's Supplement

    Plaintiff submitted a supplemental brief with exhibits in support of his

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

opposition to defendants' motion for summary judgment.  (Dkt. 29).  Plaintiff cites

an article quoting the U.S. Surgeon General, who stated that no levels of ETS are

safe.  (Dkt. 29, Ex. A).

      F.    <u>Defendants' Response to Plaintiff's Supplement</u>

Defendants argue that plaintiff's supplement does not "advance his

arguments in any significant manner."  (Dkt. 32, p. 2).  Plaintiff is required under

*Helling v. McKinney* to show "that he himself is being exposed to unreasonably

high levels of ETS."  Thus, according to defendants, statements from the Surgeon

General and general scientific studies are insufficient to establish the objective

prong of *Helling*.  (Dkt. 32).  Defendants also point out that *Helling* has never

been read to require a completely smoke-free environment in prison and, further,

"its objective element requirement that there be unreasonably high levels of ETS

to establish an Eighth Amendment violation belies Plaintiff's assertion that his

claim is 'irrefutable' merely because of the Surgeon General's warning that there

are no safe levels of ETS."  (Dkt. 32, p. 3).

## III.   DISCUSSION

      A.    <u>Standard of Review</u>

Summary judgment is appropriate under Rule 56(b) "if the pleadings, the

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

12

discovery and disclosure materials on file, and any affidavits show that there is no

genuine issue as to any material fact and that the movant is entitled to judgment as

a matter of law." Fed.R.Civ.P. 56(c).  In *Copeland v. Machulis*, 57 F.3d 476, 478-

79 (6th Cir. 1995), the court stated the standard for deciding a motion for summary

judgment:

> The moving party bears the initial burden of establishing
> an absence of evidence to support the nonmoving party's
> case.  Once the moving party has met its burden of
> production, the non-moving party cannot rest on its
> pleadings, but must present significant probative
> evidence in support of the complaint to defeat the motion
> for summary judgment.  The mere existence of a scintilla
> of evidence to support plaintiff's position will be
> insufficient; there must be evidence on which the jury
> could reasonably find for the plaintiff.

A genuine issue of material fact exists only when, assuming the truth of the non-

moving party's evidence and construing all inferences from that evidence in the

light most favorable to the non-moving party, there is sufficient evidence for a

trier of fact to find for the non-moving party.  *Ciminillo v. Streicher*, 434 F.3d 461,

464 (6th Cir. 2006).

 "In deciding a motion for summary judgment, [the] court views the factual

evidence and draws all reasonable inferences in favor of the nonmoving party."

*McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  This is not to

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

say that some credibility determinations are beyond what is appropriate in deciding a motion for summary judgment. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 127 S.Ct. 1774, 1776 (2007).

Rule 56 limits the materials the Court may consider in deciding a motion under the rule: "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995) (citation omitted). Moreover, affidavits must meet certain requirements:

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

Fed.R.Civ.P. 56(e)(1). In accordance with Rule 56(e), the Sixth Circuit has held "that documents submitted in support of a motion for summary judgment must

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

satisfy the requirements of Rule 56(e); otherwise, they must be disregarded."

*Moore v. Holbrook,* 2 F.3d 697, 699 (6th Cir. 1993). Thus, in resolving a Rule 56

motion, the Court should not consider unsworn or uncertified documents, *Id.*,

unsworn statements, *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968-969

(6th Cir. 1991), inadmissible expert testimony, *North American Specialty Ins. Co.

v. Myers*, 111 F.3d 1273, 1280 (6th Cir. 1997), or hearsay evidence, *Hartsel v.

Keys*, 87 F.3d 795, 799 (6th Cir. 1996); *Wiley v. United States*, 20 F.3d 222,

225-226 (6th Cir. 1994). *See Tolliver v. Federal Republic of Nigeria*, 265

F.Supp.2d 873, 879 (W.D. Mich. 2003). Thus, "[a] party opposing a motion for

summary judgment cannot use hearsay or other inadmissible evidence to create a

genuine issue of material fact." *Id.*, quoting, *Sperle v. Michigan Dept. of

Corrections*, 297 F.3d 483, 495 (6th Cir. 2002) (citation and quotation marks

omitted).

  B. <u>Eighth Amendment - Present Injury</u>

  In *Talal v. White*, 403 F.3d 423 (6th Cir. 2005), the plaintiff was allergic to

tobacco smoke and confined in the nonsmoking housing unit at the Turney Center

Industrial Prison; but claimed that he was "subjected to excessive levels of smoke

at the hands of both staff and other inmates" in a facility that had a ventilation

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

15

system that would merely re-circulate smoky air.  In addition, the staff permitted

smoking in the nonsmoking areas.

The Sixth Circuit explained what the plaintiff must show in order state a

present-injury Eighth Amendment claim:

> To satisfy the objective component, a prisoner must
> show that his medical needs are "sufficiently serious."
> *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). The
> exposure to smoke must cause more than "mere
> discomfort or inconvenience." *Id*. at 735.  Additionally,
> the prisoner must demonstrate that the risk is one which
> society deems "so grave that it violates contemporary
> standards of decency to expose anyone unwillingly to
> such a risk." *Helling*, 509 U.S. at 36. To satisfy the
> subjective component, a prisoner must show that prison
> authorities knew of, and manifested deliberate
> indifference to, his serious medical needs.  *Id*. at 32.

*Talal*, 403 F.3d at 426. The Sixth Circuit ruled that the plaintiff met the objective

test by demonstrating that his illness (a smoke allergy) was sufficiently serious.

In this case, plaintiff does not allege or prove that he currently suffers from any

condition like asthma, a smoke allergy, or any respiratory or other condition that is

caused or aggravated by ETS.  Plaintiff's complaint merely alleges that the ETS

caused him "breathing problems."  (Dkt. 1, p. 5).  Notably, plaintiff did not have a

medical detail for tobacco free housing.  (Dkt. 1, p. 12).  In his Step II grievance

appeal, plaintiff merely asserts that the ETS caused him to have "breathing

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

16

problems" and that tobacco contains "active ingredients that cause cancer and I am being subjected to this deadly disease." (Dkt. 1, p. 13). Plaintiff offers no evidence that he sought or recieved any medical treatment for his "breathing problems." Thus, the undersigned suggests that plaintiff has not satisfied the objective prong of the deliberate indifference test, having failed to establish a serious medical need.

The *Talal* court also found that the plaintiff met the subjective component by showing that the prison officials were aware of his condition, but continued to violate the no-smoking policy in the smoke-free housing unit. The *Talal* court distinguished *Scott v. Dist. of Columbia*, 139 F.3d 940 (D.C. Cir. 1998), in which "prison officials made good-faith efforts to enforce the prison's no-smoking policy." *Talal*, 402 F.3d at 428. It is well-established that imperfect enforcement of no-smoking policies does not rise to the level of deliberate indifference. *McMurry v. Caruso*, 2009 WL 198519,*10 (W.D. Mich. 2009), citing, *Talal v. White*, 403 F.3d 423, 427 (6th Cir. 2004); *Wilson v. Hofbauer*, 113 Fed.Appx. 651, 652 (6th Cir. 2004); *Morrer v. Price*, 83 Fed.Appx. 770, 773 (6th Cir. 2003).

In this case, plaintiff was moved to nonsmoking housing less than two weeks after arriving at SRF. (Dkt. 16, Ex. B). While plaintiff complains that

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

17

2:08-cv-12161-ADT-MJH   Doc # 33   Filed 02/25/09   Pg 18 of 29   Pg ID 285

defendants did not make any "good faith efforts" to enforce the no-smoking policy in his nonsmoking unit (based on affidavits of smokers who continued to smoke in violation of the policy), defendants assert that the no-smoking policy and evidence of "vigorous enforcement" preclude a finding of deliberate indifference. Defendants are not able to produce evidence of enforcement for the time period in question as minor misconduct tickets are only retained for 60 days. Instead, defendants offer evidence of approximately 30 smoking misconduct tickets written from June 2 through August 20, 2008, several months after this lawsuit was filed. (Dkt. 16, Ex. G). Plaintiff filed three affidavits from other inmates housed in his unit to show non-enforcement of the no-smoking policy. All three inmates were smokers who regularly violated the no-smoking policy, according to their affidavits. (Dkt. 27, p. 29 (affidavit of M. Thompkins, 700 Unit), p. 32 (affidavit of C. Tinsley, 700 unit), p. 30 (affidavit of M. Kelly, 700 Unit). Notably, the time-frame set forth in the smokers' affidavits, during which they claim to have continually smoked in the nonsmoking unit, also occurred after this lawsuit was filed.

The undersigned concludes that even if plaintiff could satisfy the objective prong of the deliberate indifference test, plaintiff cannot satisfy the subjective

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

prong given that defendants have offered credible evidence of good-faith

enforcement in light of samples of tickets written and its prompt compliance with

plaintiff's request to be moved to a nonsmoking unit, despite a lack of medical

detail requiring such accommodation.  And, while plaintiff proffers the affidavits

of three smokers who claimed to have violated the rules in plaintiff's unit, plaintiff

offers no evidence that he ever complained about these or other specific prisoners

violating the smoking policy, which he was encouraged to do during the grievance

process.  (Dkt. 1, p. 14); *see e.g.*, *Omar v. Brooks*, 2004 WL 3258917, at * 4 (E.D.

Va. 2004) (Defendants were not deliberately indifferent to asthmatic prisoner's

exposure to ETS where prisoner "refus[ed] to identify offenders [which]

obstructed remedial action within his unit."); *Johnson v. Goord*, 2004 WL

2199500, *17 (S.D.N.Y. 2004) ("No system of enforcement, however, will be

perfect, and prison officials cannot be held accountable under the Constitution for

failing to extinguish every attempt to flout the [prison's] rules [regarding

smoking].").  The undersigned suggests that a plaintiff's failure to report any

smoking violations, which is "necessary for prison officials to identify and punish

violators severely undercuts any Eighth Amendment claim."  *McMurry*, at *10.

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

19

C.     Eighth Amendment - Future Injury

In *Helling v. McKinney*, a prisoner alleged his Eighth Amendment rights had been violated by his double bunk assignment to a cell with another inmate who smoked five packs of cigarettes per day.  The Supreme Court held that the prisoner had successfully alleged an Eighth Amendment violation by claiming that the defendants had, with deliberate indifference, "exposed him to levels of ETS that pose[d] and unreasonable risk of serious damage to his future health." *Helling*, 509 U.S. at 35.  The Supreme Court emphasized that, on remand, the prisoner would be required to prove both the subjective and objective elements necessary to prove an Eighth Amendment violation, and that a failure of evidentiary proof as to either element would entitle the defendants to judgment in their favor.  *Id.*  The *Helling* Court concluded that, with respect to the subjective component, "deliberate indifference" was to be determined in light of the current conduct and attitudes of prison authorities, and that adoption of smoking policies would "bear heavily on the inquiry."  *Helling*, 509 U.S. at 36. The lower court's inquiry was also to take into consideration the realities of prison administration. *Id*. at 36-37.  *Helling* outlined the objective component of a prisoner's Eighth Amendment future injury claim based on prison ETS exposure: the plaintiff must

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

20

present proof of exposure to unreasonably high levels of ETS. *Id*. at 35. To establish the objective component, a plaintiff was required to do more than merely offer "scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will be caused by exposure to ETS." *Id*. at 36.

On this record, the undersigned suggests that no reasonable trier of fact could find in plaintiff's favor on the objective component of "future injury" Eighth Amendment claims against defendants. Plaintiff offers no evidence other than generic studies and articles regarding the dangers of ETS and he has offered no evidence that he was exposed to unreasonably high levels of ETS. It was plaintiff's burden to present evidence that he had been exposed to unreasonably high levels of ETS and the exposure's significant adverse impact on plaintiff's future health. Just as in *McMurry*, plaintiff's "proofs are devoid of specifics as to which prisoners were smoking on which dates, how close such prisoners were in proximity to plaintiff and for how long, and what steps, if any plaintiff took to minimize his exposure either through movement or reporting the offending prisoner or prisoners." *Id*. at *10. And, plaintiff did not submit any scientific evidence measuring or quantifying his level of exposure. *Id*. Affidavits to the

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

21

effect that "some exposure" occurred are insufficient to support this type of Eighth Amendment claim. *McMurry*, at *10, citing, *Lewis v. Jarriel*, 2006 WL 839390, at * 4 (S.D. Ga. 2006); *Mansoori v. Lappin*, 2007 WL 401290, *10 (D.Kan. Feb.1, 2007). Furthermore, a prisoner's "exposure to smoke must cause more than mere discomfort or inconvenience." *McMurry*, at *10, quoting, *Talal*, 403 F.3d at 426. Plaintiff did not present medical evidence that his exposure to ETS caused him any symptoms or conditions beyond discomfort. *McMurry*, at *10, citing, *Oliver v. Deen*, 77 F.3d 156, 159-61 (7th Cir. 1996) (An asthmatic inmate's assignment to cells with smoking inmates for 133 days resulting in ETS exposure which aggravated the plaintiff's asthma and necessitated his increased use of an inhaler failed to satisfy the objective component.); *Kelley v. Hicks*, 400 F.3d 1282, 1285 (11th Cir. 2005).

The evidence plaintiff presented on the subjective component is likewise deficient. Plaintiff admits that his claim is based entirely on his assertion that any exposure to ETS automatically violates the Eighth Amendment. Plaintiff offers no legal authority for this position. Under *Helling*, the court must "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

a risk.  In other words, the prisoner must show that the risk of which he complains
is not one that today's society chooses to tolerate." *Id.*  It is the plaintiff's burden
to show that "the risk of which he complains is not one that today's society
chooses to tolerate." *Heller*, 509 U.S. at 36.

Many courts have concluded that the "risk of which plaintiff complains of is
one that today's society chooses to tolerate." *McMurry*, at *10, citing, *Oliver v.
Deen*, 77 F.3d at 158; *Griffin v. DeRosa*, 153 Fed.Appx. 851, 853 (3d Cir. 2005)
(A prisoner's allegations that he had been exposed to ETS in inadequately
ventilated restrooms because each time he entered the restroom he found
eight-to-ten inmates smoking failed to allege unreasonably high levels of ETS
contrary to contemporary standards of decency.); *Richardson v. Spurlock*, 260
F.3d 495, 498 (5th Cir. 2001) ("While [the prisoner's] sporadic and fleeting
exposure to second-hand smoke might have been unwelcome and unpleasant, it
did not constitute 'unreasonably high levels of ETS.'"); *Hankins v. Bethea*, 2007
WL 172509, *6 (D. S.C. 2007) ("Exposure to moderate levels is a common fact of
contemporary life, and Plaintiff has failed to present evidence to show that the
amount of ETS he was exposed to during the relatively short [5-month] period of
time set forth in his complaint was at such an unreasonably high level that it

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

23

violated contemporary standards of decency.").

Moreover, under *Helling*, deliberate indifference is to be determined in light of *current* conduct and attitudes of prison officials.  Here, defendants had a no-smoking policy in place the entire time plaintiff has been housed at SRF.  Plaintiff was incarcerated under the former policy (which placed inmates in nonsmoking units at their request and on availability), from November 2007 through January 2008. In February 2008, the MDOC instituted a state-wide smoke-free policy.  The undersigned suggests, in light of the progression from a partial smoke-free policy to a completely smoke-free policy in just over one year, plaintiff cannot show that defendants were deliberately indifferent to a substantial risk of future harm to plaintiff.

### D.   Qualified Immunity

Defendants claim to be entitled to qualified immunity regarding his actions in this case.  The doctrine of qualified immunity means that "'[g]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Caldwell v. Moore*, 968 F.2d 595, 599 (6th Cir. 1992), quoting, *Harlow*

24

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

*v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Defendants bear the burden of pleading qualified immunity, but plaintiff bears the burden of showing defendants are not entitled to qualified immunity.  *Sheets v. Mullins*, 287 F.3d 581, 586 (6th Cir. 2002).

The Supreme Court had established a two-part test in order to determine whether qualified immunity was applicable to a particular situation.  *Saucier v. Katz*, 533 U.S. 194 (2001).  The first part of the test involved a determination of whether the facts of the case, viewed in the light most favorable to the plaintiff, "show the officer's conduct violated a constitutional right." *Id*. at 201.  If the first question was resolved in the affirmative then the court would decide "whether the right was clearly established." *Id*.  If both questions are resolved in the affirmative, then the doctrine of qualified immunity does not apply and the case can proceed.

Very recently, and after the parties had submitted their motions in this case, the Supreme Court revisited their decision in *Saucier* and concluded that mandatory order of the two part test for determining if qualified immunity applied was no longer sound based on several factors including judicial economy. *Pearson v. Callahan*, — U.S. —, 2009 WL 128768 (2009).  While not modifying

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161
25

the factors that should be considered in such a decision, the Court held that sometimes it makes sense to allow the second part of the test to be decided first and that such a decision may resolve the controversy without having to address the first part of the test.  In *Pearson*, the § 1983 claim of the plaintiff was based on an allegedly unlawful search conducted by the defendant police officers.  Without having to engage in the perhaps more complicated decision of determining whether plaintiff's constitutional rights had been violated, the Court found that the constitutional right claimed by plaintiff was not clearly established where lower court case law was consistent with the conduct of the officers and "principles of qualified immunity [should] shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law."

With respect to plaintiff's Eighth Amendment claims, the factual allegations in plaintiff's complaint, even if true, do not amount to cruel and unusual punishment.  Thus, the undersigned suggests that defendants are entitled to qualified immunity.

E.    Preliminary Injunction

In light of the conclusions set forth above that defendants are entitled to summary judgment on plaintiff's claims for Eighth Amendment violations, and in

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

light of the newly implemented MDOC policy completely barring smoking in all correctional facilities, the undersigned suggests that plaintiff's motion for preliminary injunction should be denied as moot. *See e.g.*, *United States v. City of Detroit*, 401 F.3d 448, 450 (6th Cir. 2005) (A federal court may not render a decision upon moot questions or declare rules of law that cannot affect the matter at issue.); *Austin v. Wilkinson*, 2008 WL 697679, *4 (N.D. Ohio 2008) ("[U]nder the PLRA, [the] Court cannot continue prospective relief ... without finding a current and ongoing violation of the Plaintiffs' federal rights."); *Crockett v. Spaulding*, 2005 WL 1959193, *5 (W.D. Tenn. 2005) ("As the case is being dismissed, the motions for appointment of counsel and for a temporary restraining order and preliminary injunction are denied as moot.").

## IV.   RECOMMENDATION

For the foregoing reasons, the undersigned suggests that the Court **GRANT** defendants' motion for summary judgment and **DENY** plaintiff's motion for preliminary injunction as **MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  Failure to file

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

27

specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 10 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

ate: February 25, 2009                    s/Michael Hluchaniuk
                                          Michael Hluchaniuk
                                          United States Magistrate Judge

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

28

## <u>CERTIFICATE OF SERVICE</u>

I certify that on <u>February 25, 2009</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Michael R. Dean</u>, and I certify that I have mailed by United States Postal Service the foregoing pleading to the plaintiff, a non-ECF participant, at the following address: <u>Jamero Moses, # 231885, NEWBERRY CORRECTIONAL FACILITY, 3001 Newberry Avenue, Newberry, MI 49868</u> .

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov

Report and Recommendation
Defendants' Motion for Summary Judgment
Plaintiff's Motion for Preliminary Injunction
*Moses v. Rapelje, et al*; 08-12161

29