UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMERO TERRILE MOSES,

        Plaintiff,

vs.

LLOYD RAPELJE, et al.,

        Defendants.
_____/

Case No. 08-12161

Anna Diggs Taylor
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**ORDER DENYING MOTION TO AMEND COMPLAINT (Dkt. 37)**

A.    Procedural History

Plaintiff, an inmate currently at the Saginaw Correctional Facility brings this action under 42 U.S.C. § 1983, claiming violations of his rights under the United States Constitution. (Dkt. 1). Plaintiff alleges that defendants were deliberately indifferent to his health and medical needs by failing to provide him with a smoke-free environment. *Id.* On August 15, 2008, this case was referred to the undersigned for all pretrial purposes by District Judge Anna Diggs Taylor. (Dkt. 9).

On September 15, 2008, defendants filed a motion to for summary judgment seeking dismissal of plaintiff's complaint. (Dkt. 16). On September 22, 2008, plaintiff filed a motion for preliminary injunctive relief. (Dkt. 22). On February

25, 2009, the undersigned recommended that defendants' motion be granted and that plaintiff's motion be denied, which recommendation was adopted by the District Court, over plaintiff's objections, on April 22, 2009. (Dkt. 33, 36, 41).

On March 27, 2009, plaintiff filed a motion for leave to amend his complaint and defendants filed a response on April 16, 2009. (Dkt. 37, 39). In his motion to amend the complaint, plaintiff alleges that, on November 26, 2009 [sic], he was transferred to another facility in retaliation for filing a grievance and lawsuit. (Dkt. 37). At the time he filed his motion to amend the complaint, he had completed Step I and Step II of the grievance process and was awaiting a response to his Step III appeal. *Id.* In further support of his motion to amend the complaint, plaintiff filed the Step III response on April 20, 2009. (Dkt. 38). Defendants argue that plaintiff fails to submit a proposed amended complaint in accordance with Local Rule 15.1 and that amendment of his complaint would be futile. *Id.*

For the reasons set forth below, the Court **DENIES** plaintiff's motion to amend his complaint **WITHOUT PREJUDICE**.

    B.    <u>Plaintiff Cannot Add Claims Involving Events That Occurred After This Suit Was Filed</u>

Where "no defendant has yet filed a responsive pleading to the original complaint," a plaintiff is "entitled to amend his complaint as of right pursuant to

Fed.R.Civ.P. 15(a)." *Reynolds-Bey v. Harris-Spicer*, 2007 WL 1063304, \*1 (W.D. Mich. 2007); *see also Sousa v. Ferguson*, 2005 WL 1796131 (W.D. Mich. 2005) (An "amendment as of right under Fed.R.Civ.P. 15(a) can be forestalled only by the service of a 'responsive pleading,'" and "a motion to dismiss or for summary judgment is not considered to be a 'responsive pleading' for the purposes of Rule 15(a)."). Here, defendants have not filed a responsive pleading; rather, they have only filed a motion for summary judgment. Thus, ordinarily, plaintiff would be able to amend his complaint without leave of the Court.

Despite the provision in Rule 15(a)(1)(A) that a party may amend its pleading once as a matter of course before being served with a responsive pleading, "the Court is not required to allow amendments that assert obviously frivolous claims or claims that could not withstand a motion to dismiss." *Griffith v. Whitesell*, 2008 WL 3852415, \*5 (M.D. Tenn. 2008), citing, *Neighborhood Development v. Advisory Council, Etc.*, 632 F.2d 21, 23 (6th Cir. 1980). Further, as noted by the *Griffith* court, 28 U.S.C. § 1915(e)(2) mandates that the court "shall dismiss the case at any time" if the court determines that "the action fails to state a claim on which relief may be granted." *Id*. And, although failure to exhaust is now deemed to be an affirmative defense, *see Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920-921 (2007), the Court may dismiss a claim for failure to exhaust *sua*

3

*sponte* when the defect appears on the face of the complaint. Indeed, "the patent failure to exhaust, apparent in the face of the proposed supplemental pleading, is a[n]...independent reason to deny leave to supplement or amend the complaint." *Green v. Tudor*, 2008 WL 1732959, *2 (W.D. Mich. 2008).[1] In this case, plaintiff specifically alleges in his motion to amend the complaint that the new claims that he would like to add to this case involve a grievance that was initiated long after this lawsuit was filed, and for which the grievance process was not completed until after the motion to amend was filed. (Dkt. 37). It is, therefore, readily apparent from the face of the motion to amend that plaintiff did not exhaust his administrative remedies before the instant suit was filed and, under applicable law in this circuit, the new claims may not proceed in this case. *See e.g.*, *Utley v. Campbell*, 84 Fed.Appx. 627, *2 (6th Cir. 2003) (The district court properly concluded that the plaintiff "had not exhausted his administrative grievances of the

---

[1] *See also*, *Deruyscher v. Michigan Dep't of Corrections Health Care*, 2007 WL 1452929, *2 (E.D. Mich. 2007) (Prisoner complaints may still be subject to *sua sponte* dismissal for failure to exhaust administrative remedies.); *Spaulding v. Oakland Co. Jail Medical Staff*, 2007 WL 2336216, *3 (E.D. Mich. 2007) (Where it is clear from the face of the complaint that a plaintiff failed to properly exhaust his administrative remedies in accordance with the applicable grievance policy, the plaintiff's complaint is subject to *sua sponte* dismissal for failure to state a claim pursuant to *Jones v. Bock*.); *Leary v. A.R. U.S. Conerly*, 2007 WL 1218952 (E.D. Mich. 2007) (lack of exhaustion was obvious from the face of a pleading and requiring the defendant to file a motion to dismiss for failure to exhaust would be a waste of defendants' and the court's time and resources.).

claims he sought to add until after this case was filed, and therefore they could not be appended to this litigation."); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Vandiver v. CMS, Inc.*, 2007 WL 2746815, *1 (W.D. Mich. 2007) (The plaintiff's proposed amended complaint was rejected because it was "based upon ... additional grievances," for which the underlying events "did not occur until after plaintiff filed the present suit."). Therefore, plaintiff's motion to amend his complaint is denied.

Based on the foregoing, the Court **DENIES** plaintiff's motion to amend his complaint **WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

| | |
|---|---|
| Date: April 30, 2009 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

**CERTIFICATE OF SERVICE**

      I certify that on April 30, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Michael R. Dean, and I certify that I have mailed by United States Postal Service the foregoing pleading to the plaintiff, a non-ECF participant, at the following address: Jamero Moses, #231885, NEWBERRY CORRECTIONAL FACILITY, 3001 Newberry Avenue, Newberry, MI 49868.

                                              s/James P. Peltier
                                              Courtroom Deputy Clerk
                                              U.S. District Court
                                              600 Church Street
                                              Flint, MI 48502
                                              (810) 341-7850
                                              pete_peltier@mied.uscourts.gov